HARRY KORNREICH, Appellant, *v.* NATHAN D. STERN, Respondent.

First Department, February 18, 1927.

**Brokers — real estate broker — action for commissions — plaintiff's evidence shows prima facie case — error to dismiss complaint at close of plaintiff's case.**

In an action by a real estate broker to recover commissions for producing a buyer ready, willing and able to carry out the terms of sale given by the defendant, it was error for the court to dismiss the complaint at the close of the plaintiff's case. A *prima facie* case was established by the plaintiff's evidence which shows the hiring of the plaintiff by the defendant; that the terms of the sale were agreed to by the proposed purchaser, after some negotiations; that the proposed purchaser was ready, willing and able to purchase the property on the terms given by the defendant, and was ready and willing to sign a contract; and that the reason why the sale did not go through was the refusal of the defendant to enter into a formal contract, he having, in the meantime, received a better offer for the property.

APPEAL by the plaintiff, Harry Kornreich, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Bronx on the 18th day of May, 1926, upon the dismissal of the complaint at the close of the plaintiff's case.

*Emanuel Sustick* of counsel [*Fliashnick & Sustick*, attorneys], for the appellant.

*Norman M. Behr* of counsel [*Julius J. Michael*, attorney], for the respondent.

McAVOY, J. The complaint in this case was dismissed at the trial upon the grounds, as stated by the learned court, *first*, that there was no proof by plaintiff of the meeting of the minds of the defendant, who was the owner of the property, and his proposed purchaser; and, *second*, that even if there was, plaintiff failed to prove that such proposed purchaser was then financially able to perform, so as to carry out the terms of the agreement.

The suit was for brokerage commissions, wherein the broker sought to recover $4,700 which he claimed to have earned in procuring for defendant a purchaser of the premises Nos. 315–321 West Seventy-ninth street, borough of Manhattan.

The answer denied the employment of plaintiff or the procurement of a purchaser.

We think that the learned court was mistaken in its ruling on the proof that was made.

The plaintiff showed that he was a licensed real estate broker; that the defendant employed him to procure a purchaser for the

premises; that defendant gave plaintiff the particulars — the selling price, for $410,000, the cash required on the contract $10,000, on the closing of title $80,000, the amount of the first mortgage $200,000, the plan to refinance it with interest at five and one-half per cent, if possible; and that the second mortgage was to be a purchase-money mortgage for ten years, to be amortized at the rate of $10,000 per year, with interest at six per cent, and the amount of rental income which was said to be about $71,000. The amount of the commission was also agreed, according to plaintiff's proof, at two and one-half per cent up to $40,000 and one per cent above that amount. The plaintiff then proved that he procured Morris Wortman as a buyer; that he and Wortman, accompanied by his attorney, met at defendant's office on January 2, 1924; that he introduced the parties; that they discussed terms, and that the terms agreed upon were those given by defendant to him. Whilst it is true that Wortman dickered to obtain a smaller amortization than $10,000 a year, upon defendant refusing to consent, Wortman ultimately accepted the proposition, and said he hoped that when defendant consulted his wife it might be reduced, but he stated that he would be ready to sign the contract if it was insisted upon. Both parties were ready to sign the contract, except that defendant requested the purchaser to wait until the following day because of the lateness of the hour; that he assured them that the deal was closed, and stated that he would 'phone the next day making an appointment to sign. He did not 'phone, and when plaintiff called to see him two days later he said he would not close with Wortman because he had received a better price from another source. This proof was corroborated by the attorney for Wortman, one Fliashnick. He testified to the introductions, the discussion of terms, the attempt by Wortman to get a smaller amortization on the second mortgage than $10,000 per annum, acceptance by Wortman of defendant's proposals, the defendant requesting that the signing of the contract be put over until the following day and the promise of defendant to 'phone him when they would meet to sign.

Wortman, the proposed buyer, said that he was brought to the office of defendant, introduced and endeavored to get smaller payments on the second mortgage; his acceptance of the terms stated by defendant when he found he could not persuade him to take less; that the defendant put the signing of formal contract over to the next day, when he was to notify the parties at what hour they were to attend; the testimony that he had adequate means for the transaction; that he had at that time $80,000 in cash, although but $10,000 was required; that he had then other resources amounting to $25,000, and that he also owned some real property.

Plaintiff, therefore, proved his employment by defendant; the procurement of a purchaser, who was acceptable to the defendant; the statement by the proposed purchaser that he had sufficient means to buy the property; that the parties came to definite terms of sale; that the buyer was ready to enter into a formal contract; that defendant postponed the matter to the following day; that the contract of sale was not entered into because of defendant's refusal to sell and because he had, in the meantime, received a better offer. This made out a *prima facie* case, and whatever the contradictions or variances that were shown upon cross-examination as to the ability of the purchaser or his concurrence with the terms of interest and amortization proposed by defendant, and concerning proposals claimed to have been left for further discussion, raised fact issues on which plaintiff was entitled to a jury test.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

DOWLING, P. J., FINCH, MARTIN and O'MALLEY, JJ., concur.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event.